IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert B. Campbell, | ) | Civil Action No. 0:15-268-MGL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Robert B. Campbell, ("Petitioner"), a self-represented state prisoner, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for review of post-trial petitions for relief and a Report and Recommendation ("Report").

On February 5, 2015 the Magistrate Judge issued a Report, (ECF No. 8), recommending that the Petition be dismissed *without prejudice* and without requiring Respondent to file a return, as a successive petition filed without prior authorization from the United States Court of Appeals for the Fourth Circuit. Petitioner filed an Objection to the Report on February 23, 2015. (ECF No. 12). The matter is now ripe for review.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28

U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and the Petitioner's Objections. The Court has undertaken this *de novo* review, even though Petitioner's "Objections" are non-specific in nature and do not meaningfully address the core grounds cited by the Magistrate Judge for dismissal (i.e. the successive nature of Petitioner's filing). As the Magistrate Judge clearly sets out, Petitioner must obtain a Pre-Filing Authorization from the United States Court of Appeals before this Court may consider a second or successive petition.

For the forgoing reasons, the Court concurs with the analysis of the Magistrate Judge and adopts the Report and incorporates it herein by reference, (ECF No. 8), overruling Petitioner's Objections. Petitioner's Petition for a Writ of Habeas Corpus is thereby **DISMISSED** *without prejudice* and without requiring Respondent to file a return. Additionally, Petitioner's subsequently-filed Motion to Appoint Counsel, (ECF No. 14), is appropriately terminated as **MOOT**.

### Certificate of Appealability

The governing law provides that:

> (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253©. A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims

debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**

                                                   s/Mary G. Lewis
                                                   United States District Judge

April 13, 2015
Columbia, South Carolina